Rafael del Valle Zeno, demandante y apelante, *v.* Jesús María Rossy y Enrique Umpierre, demandados y apelados.

No. 4774.—*Sometido:* Enero 22, 1929. *Resuelto:* Mayo 2, 1929.

*M. Rodríguez Serra,* abogado del apelante; *L. Llorens Torres, J. B. Soto* y *Jesús M. Rossy,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los antecedentes de este caso pueden verse en *Rossy* v. *Del Valle,* 34 D.P.R. 726; *Del Valle, peticionario,* resuelto por la Corte de Circuito de Apelaciones para el Primer Circuito en Boston; y *Rossy* v. *Del Valle,* 37 D.P.R. 381. De ellos y de las pruebas presentadas en este juicio aparece que en 7 de agosto de 1924 Jesús M. Rossy demandó ante la Corte de Distrito de San Juan en juicio de desahucio a Rafael del Valle Zeno por incumplimiento de algunas cláusulas del contrato de arrendamiento que con él hizo para la explotación de la cantera de una finca del demandante. Se celebró ese juicio y la corte de distrito declaró sin lugar la demanda de Rossy por el fundamento de que no tenía causa de acción para el desahucio porque el contrato celebrado entre él y del Valle con respecto a la finca no era de arrendamiento, pero en apelación revocamos esa sentencia y devolvimos los autos a la corte inferior la que entonces dictó sentencia declarando con lugar la demanda y ordenó el lanzamiento del demandado si no lo desocupaba en término de veinte días. De esta sentencia apeló del Valle para ante nosotros, pero a instancias de Rossy la desestimamos en 15 de febrero de 1926, y comunicada nuestra resolución a la corte de distrito que dictó la sentencia, ésta dispuso su cumplimiento y en 10 de marzo de 1926 el márshal de la corte dió posesión a Rossy de su finca sin que llegaran a ser sacadas de ella las máquinas que del Valle tenía en la misma para su negocio porque dos días después quedaron paralizados los procedimientos para la ejecución de la sentencia

por orden de la Corte de Circuito de Boston dictada en una petición de *mandamus* que le presentó del Valle. Ese procedimiento de *mandamus* fué resuelto por dicha Corte de Circuito en 5 de agosto de 1926 anulando la desestimación de la apelación y disponiendo que el recurso de del Valle fuese resuelto por sus méritos. Dicha resolución fué recibida en este tribunal en enero de 1927 y en 12 del mismo mes y año acordamos el restablecimiento de la apelación de del Valle, y así lo comunicamos a la Corte de Distrito de San Juan, la que dos días después dejó sin efecto la ejecución de su sentencia hecha en 10 de marzo de 1926 y dispuso que el márshal restableciera la situación de la finca al estado que tenía antes de dicha fecha. Posteriormente, en 28 de julio de 1927, dictamos sentencia confirmando la que había dictado la corte de distrito en el juicio de desahucio y de ella apeló del Valle para ante la Corte de Circuito de Boston.

Mientras esos hechos ocurrían del Valle demandó a Rossy y a otra persona, para que les paguen determinada cantidad de dinero por los daños que alega haber sufrido después del 10 de marzo de 1926 por haber sido privado de la posesión de la finca arrendada. En el juicio convinieron del Valle y Rossy, con aprobación de la corte, en que se tratase en primer término si en vista de la prueba que se presentase de **ciertos hechos el demandante tiene acción para** recobrar daños, y que si esa cuestión fuese resuelta a favor del demandante se procediese entonces a la prueba de la cuantía de ellos. Practicada la prueba en cuanto al primer extremo la corte dictó sentencia declarando sin lugar la demanda y contra ella interpuso del Valle este recurso de apelación.

Al tener lugar la vista de esta apelación ante nosotros había dictado la Corte de Circuito de Apelaciones de Boston, el 27 de noviembre de 1928, sentencia confirmando la nuestra en la apelación de del Valle contra la sentencia de desahucio.

El apelante alega varios motivos de error para sostener su recurso pero los trata conjuntamente porque todos ellos

los concreta en una sola cuestión; la de si en vista de los hechos ocurridos tiene causa de acción en este pleito.

Es cierto como dice el apelante que su apelación contra la sentencia de desahucio produjo el efecto de suspender todo procedimiento en la corte inferior respecto a la sentencia apelada por disponerlo así el artículo 297 del Código de Enjuiciamiento Civil y que no podía ser ejecutada mientras su apelación no fuese resuelta definitivamente; pero cuando la Corte de Distrito de San Juan ordenó el cumplimiento de su sentencia de desahucio contra del Valle había quedado firme esa sentencia por haber desestimado este Tribunal Supremo la apelación de del Valle y por no haber pendiente ningún recurso admitido a del Valle contra la sentencia, por lo que entonces no era de aplicación el artículo 297 citado, y la posesión dada a Rossy no podía causar perjuicio a del Valle que éste pudiera reclamar; y aunque posteriormente fué anulada la resolución de este Tribunal Supremo que hizo ejecutable la sentencia de la corte de distrito, por haber sido anulada por la Corte de Boston la resolución desestimando la apelación de del Valle, si la posesión dada a Rossy en esas condiciones ha causado a del Valle daños éstos serían *damnum absque injuria* y por tanto no recobrables. Además, habiendo resuelto definitivamente la Corte de Apelaciones de Boston que Rossy tuvo razón al establecer su demanda de desahucio contra del Valle; quedando así confirmada nuestra sentencia y la que dictó la Corte de Distrito de San Juan decretando el desahucio, es indudable que Rossy tenía derecho de acuerdo con esa sentencia a la posesión de su finca cuando le fué dada por la Corte de Distrito de San Juan, por lo que del Valle no tiene contra él la acción que ejercita en esta demanda.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf disintió y el Juez Asociado Señor Texidor no intervino.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF.

Al tiempo de interponerse la apelación en este caso en la corte de distrito para ante el Tribunal Supremo, Rafael del Valle Zeno estaba en posesión de una finca, no obstante haberse dictado una sentencia de desahucio contra él. La Corte de Circuito de Apelaciones, a pesar de la resolución desestimando el recurso dictada por este tribunal, resolvió que la apelación interpuesta contra esa sentencia por Rafael del Valle había sido debidamente perfeccionada. Por tanto, dicho Rafael del Valle, según resolvió la Corte de Circuito, tenía cierto derecho de posesión mientras estuviera pendiente el recurso. Tal vez era un derecho muy limitado, pero si su apelación quedó perfeccionada, él tenía ese derecho. No importa que del Valle tuviera el deber de entregar la posesión de la finca. Cuando una parte que está en posesión apela, la ley le concede el derecho de retenerla mientras esté pendiente el recurso. La sentencia de la corte inferior queda en suspenso. Aunque los daños pueden ser leves en este caso en particular, pueden ser graves en algún otro. Por lo menos en forma nominal, del Valle tenía derecho a algunos daños susceptibles de prueba. Por tanto, disiento.